FIRST NAT. BANK OF RONDOUT *v.* NAVARRO *et al.*

*In re* METCALF.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RIGHT TO INJUNCTION.
    A receiver in supplementary proceedings, after waiting two years after institution of an action by a judgment creditor against the same debtor to vacate an assignment made by him, asked for leave to bring such an action himself, and for an injunction to restrain the judgment creditor from prosecuting his action. The

judgment creditor was not a party to the judgment represented by the receiver. *Held*, that the injunction was properly denied because of delay.

2. APPLICATION FOR INJUNCTION—PETITION.
　　There is no authority in New York justifying the granting of an injunction on a petition.

3. SUPPLEMENTARY PROCEEDINGS—EMPLOYMENT OF ATTORNEY BY RECEIVER.
　　The court has no authority to empower a receiver, in proceedings supplementary to execution, to employ any particular attorney to conduct an action attacking an assignment made by the execution debtor.

Appeal from special term, New York county.

Action by the First National Bank of Rondout against Jose F. Navarro and others. From an order denying a motion for an injunction, Samuel G. Metcalf, receiver, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Chas. A. Murphy*, for appellant, Samuel G. Metcalf, receiver. *G. O. & L. S. Hulse*, for respondent Del Valle. *Davies, Short & Townsend*, for respondent Navarro. *Hyland & Zabriskie*, for respondent Hyland.

O'BRIEN, J. The appellant, as receiver, appointed in proceedings supplementary to execution, made application to the special term for an order authorizing him to bring an action to set aside a certain transfer of life insurance policies made by one Jose F. Navarro to Josiah A. Hyland, on the ground that the transfer was made with intent to hinder, delay, and defraud creditors of said Navarro, and to employ Charles A. Murphy, as attorney in said suit, and for an injunction restraining the prosecution of an action now pending in this court by one Jose del Valle, as a judgment creditor of said Navarro, to set aside assignment or transfer of policies so made to Hyland. An order was made granting the receiver leave to bring such an action, but in all other respects it was denied, and, from the portion of the order denying the other relief asked for, the receiver appeals to this court. The application was based on the petition of the receiver appointed in five several actions, and in two other actions brought against the said Navarro by the United States Illuminating Company and one M. del Valle and another, upon a consent and request signed by H. C. Soop, as vice-president of the plaintiff in said five actions, and the consent of the plaintiff's attorney in said other two actions. It will be observed that Mr. del Valle is not a party to any of the actions in which said receiver was appointed. The receiver was appointed on July 25, 1889, and a judgment creditor's action by Del Valle was commenced in October, 1889, over two months after the receiver was appointed. The receiver states that it was not until the fall of 1890 that he first learned that the five policies of insurance were in existence, and that the same had been assigned to Hyland, subject to a loan thereon of $15,000, to secure which the policies had been pledged. The receiver admits that at the same time he knew that an action had been commenced to set aside such assignment as void by Del Valle, and that this action had been tried, and had resulted adversely to the latter, who thereafter appealed to this court, which court reversed the judgment of the court below, and granted a new trial. 15 N. Y. Supp. 901. Thereupon this application upon petition was made. Although it will thus be observed that the receiver waited for two years before taking any steps after he ascertained that the policies were in existence, and a suit was commenced by Del Valle, he claims that he is vested with all the right, title, and interest of said Navarro in and to all his property, and is entitled to these policies, subject to the amount for which they are pledged, and, moreover, that he is the sole party entitled to prosecute an action to set aside the alleged fraudulent transfer thereof, and he is therefore entitled to the injunction of this court restraining the prosecution of said Del Valle's action. As stated, the application for the injunction was denied, although the court recognized the receiver's right to prosecute such an action. If for no other reason,

the delay in moving for the relief now asked for, coupled with the uncertainty as to whether the receiver would ever bring his action, or whether it would ever be prosecuted, was sufficient to justify the court's denial of an injunction. Apart, however, from this, we have been referred to no authority by appellant which would justify the granting of an injunction on a petition. The provisions of the Code of Civil Procedure, §§ 603, 604, specify in what cases an injunction order may be granted. These sections are seeming authority for the view that whether we regard the relief by injunction to depend upon the nature of the action or to depend upon extrinsic facts, it must, in the former case, appear from the complaint that plaintiff is entitled thereto, and in the latter that an injunction order is applied for in an action. As to so much of the order appealed from as denied the request of the receiver that he should be authorized to employ any particular attorney, this, though no objection was made, was proper. It was neither incumbent on the court, nor could the receiver, even with the consent of all the parties to the proceeding, require the court, as a matter of right, to give such authority. We are of opinion, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements.